**CITY OF BEAUMONT et al. v. CARROLL et al.**

No. 3650.

Court of Civil Appeals of Texas. Beaumont.

Jan. 22, 1940.

Rehearing Denied Jan. 24, 1940.

Geo. E. Murphy, City Atty., and E. B. Votaw, Asst. City Atty., both of Beaumont, for appellants.

Morris & Bennett and Howell & Howell, all of Beaumont, for appellees.

O'QUINN, Justice.

This suit was brought in the 58th District Court of Jefferson County, Texas, by

A. D. Carroll and some fifteen others to restrain the City of Beaumont, its officers and agents, from enforcing an ordinance of said city. The district court granted a temporary injunction on an ex parte hearing and the writ was duly served on the city officials. From the order granting the temporary injunction the city brings this appeal.

The ordinance attacked reads as follows: "Exhibit A

## "An Ordinance

"An ordinance providing for the licensing and regulating of certain persons engaged in the business of lending money without security within the corporate limits of the City of Beaumont; defining the word 'person' and providing for the exception of certain persons, firms and corporations from the operation of this ordinance; fixing an annual license fee of $25.00 for each such business: prescribing penalties for the violation of this ordinance; repealing all ordinances or parts of ordinances in conflict herewith; providing a saving clause for valid portions in the event any provision of the ordinance shall be declared invalid; providing for the effective date of this ordinance.

"Be it ordained by the City Commission of the City of Beaumont:

## "Section 1

"(a)  It shall hereafter be unlawful for any person as herein defined, either as principal or as agent or representative of another, to engage in the business of lending money to any person or persons without security within the corporate limits of the City of Beaumont, without first having obtained a license therefor from the City of Beaumont and displaying such license as herein provided. The fact that any such lender may require a surety, a guarantor or endorser shall not exempt said lender from the provisions of this Ordinance.

"(b)  The word 'person' when used in this Ordinance shall, for the purposes of this Ordinance, mean every natural person, firm, co-partnership, association, partnership, corporation or society; and the term 'person' shall include both singular and plural; the masculine shall embrace the feminine gender.

## "Section 2

"(a)  Every person, before opening, maintaining or operating such a business for the lending of money in the City of Beaumont, shall make application to the City Manager of the City of Beaumont for a license for each such business maintained or operated by him, upon a blank to be furnished by the City Manager, on a form prescribed by such officer, which shall include among other things the full name and address of the applicant, both residence and place of business, including the street and number; and if applicant is a partnership or association, the full name and address of every member thereof, and if a corporation, the name and address of each officer or director of such corporation; also the name under which the business it to be conducted.

"(b)  A separate license and application shall be required for each establishment, office or place of business conducting the business of lending money without security, regardless of the ownership of such business.

"(c)  Every such application for license shall be sworn to by the applicant.

## "Section 3

"(a)  Each such license shall state the address at which the business is to be conducted and the name under which the business is to be conducted, and such license shall be kept conspicuously posted in the place of business of the licensee where it may be readily available for inspection by the public.

"(b)  No license shall be transferable or assignable but shall be valid only for the use of the licensee named therein; nor shall any licensee maintain more than one place of business under the same license, provided, however, the City Manager may issue more than one license to the same licensee upon compliance with all the provisions of this Ordinance governing an original issuance of a license for each new license.

"(c)  Such license shall be valid only at the address stated in said license; provided, however, that should a licensee desire to change his place of business to another location, he shall give written notice thereof to the City Manager who shall attach to the license, in writing, a record of the change and the date thereof, which record shall be authority for the operation of such business under license at such new location.

## "Section 4

"(a)  In order to defray part of the expense necessary to provide surveillance, supervision and inspection of such business

required under the terms of this Ordinance, there is hereby levied a license fee of Twenty-five ($25.00) Dollars per annum for each business so operated, which fee shall be collected by the Tax Assessor and Collector from each applicant for each such license. Said license fee shall be payable on an annual basis and shall be due and payable for any year not later than the 10th of January of said year, such fee to cover the calendar year. If a license to operate any such business is granted during a current year, the fee shall be made pro rata for the balance of the calendar year on a basis of the number of months and fractions thereof remaining in said calendar year, such pro rata rate to be figured from the first day of each month. The license fee shall be paid to the Tax Assessor and Collector of the City of Beaumont after the applicant has filed the application herein provided with the City Manager, and secured said license as provided herein.

"(b) Any license granted under this Ordinance shall be subject to revocation by the City Commission of the City of Beaumont after due notice to the holder of such license and hearing thereon upon proof of the violation of any of the provisions of this Ordinance.

## "Section 5

"(a) Each licensee hereunder shall keep a complete set of records showing a list of loans made, giving the name and address of the borrower or borrowers, the amount of cash actually lent and the amount of principal and interest the borrower agreed to pay, whether such transaction was an original lending or a renewal of an existing loan, the amount of money paid to the licensee by the borrower, and how such payment was credited; that such books and records shall at all reasonable times during business hours be subject to inspection by the City Manager of the City of Beaumont and his duly authorized agents.

## "Section 6

"It shall be unlawful for any licensee hereunder, his agents, servants or employees, to communicate with the employer of any borrower relating to any loan made by the licensee to the borrower with intent to harass or annoy the employer of the borrower.

## "Section 7

"(a) Any person as defined in this Ordinance who shall violate any of the provisions of this Ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not to exceed Two Hundred ($200.00) Dollars; and each day any business is operated without a license as herein provided for shall be considered a separate offense.

"(b) Any person who shall aid, abet or assist in the violation of any provision of this Ordinance shall be deemed guilty of a misdemeanor and upon conviction shall be fined not to exceed Two Hundred ($200.00) Dollars.

## "Section 8

"This Ordinance shall not apply to any person, co-partnership, association or corporation doing business under and as permitted by the laws of this State or the United States, relating to banks, saving banks, trust companies, building and loan companies, Morris Plan banks, licensed credit unions, licensed rural credit unions, agricultural and live stock pools and farmers' cooperative societies.

## "Section 9

"If any section, sub-section, sentence, clause, phrase or part of this Ordinance is for any reason held to be unconstitutional, void or invalid, the validity of the remaining portion of this Ordinance shall not be affected thereby, it being the intent of the City Commission in adopting, and of the Mayor in approving this Ordinance that no portion hereof, or provisions or regulation contained herein, shall become inoperative or fail by reason of any unconstitutionality or invalidity of any section, sub-section, sentence, clause, phrase, portion, provision or regulation of this Ordinance.

## "Section 10

"Any ordinance inconsistent with any of the terms and provisions of this Ordinance is hereby repealed, provided, however, that such repeal shall be only to the extent of such inconsistency, and in all other respects this Ordinance shall be cumulative of other ordinances regulating and governing the subject matter covered by this Ordiance.

"Passed by an affirmative vote of all members of the City Commission, this the 7th day of November, A. D. 1939.

"R. A. Coale
"Mayor."

Appellees are engaged in the business of loaning money without security in the City

of Beaumont. They assailed the ordinance as being unconstitutional for many reasons. The ordinance above set out was duly passed by the City of Beaumont, and is in full force and effect unless it is invalid for some reason asserted by appellees. In other words, under the record before us, we are called upon to determine whether or not the ordinance is valid.

■ The City of Beaumont is what is commonly designated as a "Home Rule City," and operates under a charter. By express provisions of our constitutional and statutory laws, no ordinance of a city operating under a home rule charter can contain any provision inconsistent with our Constitution, or the general laws of this state. Section 5, Article 11, Texas Constitution, Vernon's Ann.Civ.St.; Article 1165, R.C.S. 1925; 30 Texas Jur. pp. 301-306, and notes. Carroll et al. contend that this ordinance violates the above constitutional and statutory provisions in many particulars. Without extended discussion, we overrule this contention, for the reason that we think the ordinance in question has been held to be valid in its entirety by the Supreme Court in Berry v. City of Fort Worth, 132 Tex. 599, 124 S.W.2d 842, 847. In the cited case appellants challenged the validity of an ordinance of the City of Fort Worth having for its purpose the same as the instant ordinance. The contest reached the Supreme Court and in writing the opinion Judge Critz included in his opinion the whole of the Fort Worth ordinance. Certain portions of the ordinance were held invalid, and the remainder were held valid, Judge Critz saying: "Section 15 of this ordinance stipulates, in effect, that if any part of it is invalid, such invalid portions shall not affect the balance. We give effect to this provision, *and hold that the parts of this ordinance not hereinabove held invalid are valid."* (Italics ours.) That decision was rendered before the enactment of the ordinance here in question. It appears that in drawing the City of Beaumont ordinance the portions of the Fort Worth ordinance held valid by the Supreme Court were taken bodily and combined into the ordinance in controversy. It was so stated by counsel for the City of Beaumont on oral submission, and is shown to be true by comparison of the ordinances. No other matters are involved. So all of the provisions of the ordinance here questioned have been considered and held valid by the Supreme Court, and are thus the law.

It seems to be the contention of appellees that the Supreme Court in Ex parte Hughes, 129 S.W.2d 270, modified its opinion in the Berry case. In the Hughes case the question of usury was the controlling issue. In the Berry case the portions of the ordinance relating to usury were stricken as invalid. Usury is not involved in any manner in the instant ordinance. Those portions of the Fort Worth ordinance dealing with usury and held to be invalid were studiously avoided and omitted in their entirety from the ordinance here considered.

■ It is contended that the case on its merits can not be here considered, and that the case must be tried on the record, and that the record consists only of the petition of appellees and the order of the court granting the temporary injunction, and that all of the allegations in appellees' petition must be taken as true, and that it rested within the sound discretion of the court to grant or refuse the injunction. All this we grant, but if the allegations in the petition measured by the yard stick of the known law applicable fails to state grounds for granting the injunction, then there was no discretion to be exercised by the court, and the writ was improvidently granted. Appellees attached to their petition a copy of the ordinance challenged to be considered with their allegations of facts as to whether the injunction should be granted. The facts alleged and the contents of the ordinance must be considered together. The provisions of the ordinance having been fully considered by the Supreme Court in the Berry case, and there held valid, the petition of appellees on its face, when considered and measured by the known law, disclosed the validity of the ordinance in all its parts, and showed that no grounds existed for the granting of the injunction.

From what we have said, the judgment must be reversed and the injunction dissolved, and it is so ordered.